UNITED STATESS DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| ANGELO NESIMI,<br><br>                              Plaintiff,<br><br>       -against-<br><br>DETECTIVE MICHAEL RIVERA, Shield #5055, SERGEANT KENNETH TYSDAL, Shield #3827, NURSE BRITTINY KALYUZHNY, and DOCTOR RAUVAN AVERICK,<br><br>                              Defendants. | **ANSWER TO THE COMPLAINT AND ADDENDUM ON BEHALF OF DEFENDANTS RIVERA AND TYSDAL**<br><br>17-CV-04300 (WFK) (LB)<br><br>JURY TRIAL DEMANDED |

------------------------------------------------------------------------ x

Defendants Detective Michael Rivera and Sergeant Kenneth Tysdal, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint and addendum[1], respectfully allege, upon information and belief:

## AS TO "SECTION I. PARTIES"

1. State that section "I. A." of the complaint and its subparts are statements to which no responses are required.

2. State that section "I. B." of the complaint and its subparts are statements to which no responses are required.

## AS TO "SECTION II. STATEMENT OF CLAIM"

3. Deny the allegations set forth in the paragraph beginning with "[w]here did the events giving rise" of the complaint.

---

[1] Even though it is unclear whether the letter filed by plaintiff (referred to as an "addendum" by plaintiff) on January 2, 2018 (See Docket Entry No. 28) is deemed to be part of plaintiff's complaint, since it alleges additional facts, in the abundance of caution, defendants are providing answers to the allegations in plaintiff's addendum as well.

4. Deny the allegations set forth in the paragraph beginning with "[w]hen did the events happen" of the complaint, except admit that plaintiff was lawfully arrested on April 1, 2015.

5. Deny the allegations set forth in the paragraph beginning with "[o]n April 1, 2015, the Narcotics Division" and ending with "this horrific incident" of the complaint, except admit that plaintiff was strip searched at the 122nd Precinct, was arrested on April 1, 2015, and that pursuant to a valid search warrant, attached hereto as "Exhibit A", plaintiff was searched again at Staten Island University Hospital and a quantity of narcotics was found inside of plaintiff's rectum.

6. Deny the allegations set forth in section "II. A." of the complaint.

## AS TO "SECTION III. RELIEF"

7. Deny the allegations set forth in the paragraph beginning with "[p]laintiff is requesting that these", except admit that plaintiff purports to seek the relief stated therein.

## AS TO "STATEMENT OF FACTS" OF THE ADDENDUM

8. Deny the allegations set forth in the paragraph beginning with "[f]act 1#" of the addendum.

9. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in the paragraph beginning with "[f]act 2#" of the addendum.

10. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in the paragraph beginning with "[f]act 3#" of the addendum.

11. Deny the allegations set forth in the paragraph beginning with "[f]act 4#" of the addendum.

12. Deny the allegations set forth in the paragraph beginning with "[f]act 5#" of the addendum.

- 3 -

13. Deny the allegations set forth in the paragraph beginning with "[f]act 6#" of the addendum.

14. Deny the allegations set forth in the paragraph beginning with "[f]act 7#" of the addendum.

15. Deny the allegations set forth in the paragraph beginning with "[f]act 8#" of the addendum, except deny knowledge or information sufficient to form a belief as to the truth of the matter asserted as to ownership of any medicine used.

16. State that the paragraph beginning with "[t]he petitioner respectfull requests" of the addendum is a statement to which no response required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

17. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

18. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

19. There was probable cause for the arrest, detention, and subsequent prosecution of plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

20. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

21. Defendants Rivera and Tysdal have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

22. At all times relevant to the acts alleged in the complaint, defendants Rivera and Tysdal acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions.  Therefore, defendants Rivera and Tysdal are entitled to governmental immunity from liability on plaintiff's state law claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

23. To the extent that the complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-e *et seq*.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

24. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

25. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

26. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

27. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

28. Plaintiff provoked any incident.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

29. Plaintiff may have failed to mitigate damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

30. To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendant's official duties and to protect their own physical safety and the safety of others.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

31. There was probable cause for the search of plaintiff.

**WHEREFORE,** defendants Rivera and Tysdal request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 26, 2018

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants Michael Rivera and Kenneth Tysdal*
100 Church Street
New York, New York 10007
(212) 356-3535

By:   /s
Christopher D. DeLuca
Assistant Corporation Counsel
Special Federal Litigation Division